GERALD ALLEN [GA-0950]
GOLDBERG & ALLEN, LLP
49 West 37th Street, 7th Floor
New York, New York 10018
212-766-3366

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X
GEORGE TAGGART,

                      Plaintiff,

      - against -

CITY OF NEW YORK, POLICE OFFICER KEVIN VEGA,
TAX I.D. 959339 and POLICE OFFICERS JOHN DOE 1-5,

                      Defendants,
---------------------------------------------------------------------X

CV

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**PARTIES, JURISDICTION and VENUE**

1. Plaintiff, GEORGE TAGGART is a 60 year old male, who, at all times relevant to this action, was a resident of Staten Island, New York.

2. Defendant, City of New York ("NYC"), is a municipality within the State of New York, which includes Richmond County. NYC maintains a police department, the New York City Police Department ("NYPD"), which is an agency of the municipality.

3. Upon information and belief, Defendant POLICE OFFICER KEVIN VEGA, Tax I.D. 959339, was at all relevant times an officer with the NYPD, assigned to the 120th Precinct. All actions by VEGA complained of herein were taken in the course of his employment and under color of law. VEGA is being sued in both his individual and official capacities.

4. Upon information and belief, Defendants POLICE OFFICERS JOHN

DOES 1-5, were at all relevant times employees with the NYPD, assigned to the 120TH Precinct. All actions by the DOE DEFENDANTS, whose true names are not yet known, complained of herein were taken in the course of their employment and under color of law. The DOE DEFENDANTS are being sued in both their individual and official capacities.

5. Original jurisdiction of this Court is founded upon 28 U.S.C. §1331, <u>et seq.</u>, specifically 28 U.S.C. § 1343.

6. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

7. The instant action is commenced within one year and ninety days of the date of accrual of all causes of action.

## FACTS GIVING RISE TO THE CLAIMS

8. On October 13, 2016, Plaintiff was inside his home at 4 Broad Street in Staten Island, along with his sister, her son, and his nephew's long-time girlfriend.

9. During the late afternoon hours, the police were called to the apartment as a result of a condition involving Plaintiff's nephew.

10. Two uniformed police officers from the 120th Precinct responded to the location and entered Plaintiff's third-floor apartment.

11. Ultimately, many officers, including VEGA, the DOE DEFENDANTS, and at least one white-shirted supervisor entered the apartment.

12. Soon after the officers had entered Plaintiff's apartment, one, believed to be VEGA, without any legal basis, grabbed Plaintiff, twisted his arm, and slammed him into a wall.

13. This attack continued as Plaintiff was dragged from his apartment,

slammed into another wall, and had his arms twisted behind his back.

14. Plaintiff was then handcuffed and taken down to the street and placed in the rear of a police vehicle by VEGA and/or one of the DOE DEFENDANTS.

15. Plaintiff immediately began to feel pain throughout his body, but particularly in his left shoulder.

16. Plaintiff sat in the police vehicle for approximately one half hour before the handcuffs were removed and VEGA issued him a Summons, charging him with Disorderly Conduct.

17. Plaintiff informed VEGA and other DOE DEFENDANTS that his body, and particularly his left shoulder, was in pain and that he needed medical attention.

18. Plaintiff was told that he should obtain medical attention on his own and VEGA and the DOE OFFICERS left the scene.

19. Plaintiff then traveled on his own to Richmond University Medical Center, where he was diagnosed and treated for the injuries inflicted by the police, including an acromioclavicular joint separation with distal left clavicle intra-articular minimally displaced fracture and two broken ribs.

20. Plaintiff was forced to hire a lawyer and to appear in Court on December 22, 2016 to answer the Summons.

21. That summons, under Docket Number 2016SR013723, was dismissed by the Court.

22. As a result of the actions by VEGA and the other DEFENDANTS, Plaintiff suffered the multiple injuries listed above for which he has sought and obtained medical treatment, including surgery and attendant therapy, pain, and discomfort.

23. Plaintiff continues to suffer from severe emotional stress and physical injuries to his body, particularly to his shoulder and ribs caused by the assaultive conduct of Defendants.

### FIRST CLAIM (FALSE ARREST SECTION 1983)

24. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 23 of the Complaint as if incorporated and reiterated herein.

25. By arresting Plaintiff without legal authority, and in doing so to cover-up the assault and excessive force used against Plaintiff by Defendant VEGA and the DOE DEFENDANTS, Defendants VEGA and the DOE DEFENDANTS violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution. Specifically, the constitutional rights to be free from false arrest.

26. By reason thereof, Defendant VEGA and the DOE DEFENDANTS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### SECOND CLAIM (EXCESSIVE FORCE SECTION 1983)

27. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 26 of the Complaint as if incorporated and reiterated herein.

28. Defendant VEGA and the DOE DEFENDANTS, by using excessive force and engaging in assaultive conduct, violated Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution under color of law.

Specifically, the right to be free from the use of excessive force under color of law.

29. By reason thereof, Defendant VEGA and the DOE DEFENDANTS violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### THIRD CLAIM (ASSAULTIVE CONDUCT SECTION 1983)

30. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 29 of the Complaint as if incorporated and reiterated herein.

31. VEGA and the DOE DEFENDANTS, while acting under color of law, committed an intentional and violent assault against Plaintiff without legal cause or justification.

32. By reason thereof, Defendant VEGA and the DOE DEFENDANTS violated 42 U.S.C. Section 1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### FOURTH CLAIM (MONELL)

33. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 32 of the Complaint as if incorporated and reiterated herein.

34. NYC and the NYPD had a duty to competently and sufficiently train, supervise and discipline the individual defendants to assure that their conduct conforms to a standard, established by law, for the protection of citizens, such as Plaintiff, against

unreasonable risk of harm by conducting themselves in such a manner as not to intentionally, wantonly, and/or negligently inflict injuries to citizens, such as the Plaintiff herein.

35. NYC and the NYPD had previously received complaints about and had knowledge of the improper behavior and disciplinary infractions of the individual defendants or, in the exercise of due diligence, would have perceived that these officers had conduct and disciplinary problems that posed an unreasonable risk of harm to the Plaintiff and yet allowed VEGA and the DOE DEFEDANTS to continue in their positions as police officers.

36. The failure of NYC and the NYPD to take preventive and remedial measures that could have protected Plaintiff from sustaining the injuries that he suffered constitutes gross negligence, deliberate indifference or intentional misconduct.

37. By reason thereof, Defendant CITY has violated 42 U.S.C. §1983 and caused Plaintiff to suffer physical injuries, emotional distress, mental anguish and the loss of his constitutional rights.

**FIFTH CLAIM(FALSE ARREST-STATE LAW CLAIM**

38. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 37 of the Complaint as if incorporated and reiterated herein.

39. Plaintiff was unlawfully detained and arrested by Defendants VEGA and the DOE DEFENDANTS without probable cause.

40. By reason thereof, DEFENDANTS caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his

constitutional rights.

41. By reason thereof, and because DEFENDANTS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior.*

## SIXTH CLAIM (MALICIOUS PROSECUTION- STATE LAW)

42. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 41 of the Complaint as if incorporated and reiterated herein.

43. Defendant VEGA and the DOE DEFENDANTS sole purpose for arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff.

44. By commencing a proceeding in the absence of probable cause and with actual malice, VEGA and the DOE DEFENDANTS intentionally engaged in a malicious prosecution of Plaintiff.

45. By reason thereof, VEGA and the DOE DEFENDANTS caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

46 By reason thereof, and because VEGA and the DOE DEFENDANTS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior.*

## SEVENTH CLAIM (MALICIOUS PROSECUTION SECTION 1983)

47. Pursuant to Rule 10(c), Plaintiffs repeats and realleges each and every allegation of paragraphs 1 through 46 of the Complaint as if incorporated and reiterated

herein.

48. The sole purpose of arresting Plaintiff was to cover-up the assault and excessive force used against Plaintiff.

49. By commencing a proceeding in the absence of probable cause and with actual malice, VEGA and the DOE DEFENDANTS intentionally engaged in a malicious prosecution of Plaintiff.

50. By reason thereof, Defendants VEGA and the DOE DEFENDANTS violated 42 U.S.C. §1983 and caused Plaintiff to suffer emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

### EIGHTH CLAIM (EXCESSIVE FORCE CLAIM- STATE LAW)

51. Pursuant to Rule 10(c), Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 50 of the Complaint as if incorporated and reiterated herein.

52. Plaintiff was unlawfully assaulted and excessive force was used against him by Defendants VEGA and the DOE DEFENDANTS.

53. By reason thereof, DEFENDANTS caused Plaintiff to suffer physical injuries, emotional distress, mental anguish, economic damages and the loss of his constitutional rights.

54. By reason thereof, and because DEFENDANTS acted within the scope of their duties as members of the NYPD, Defendant CITY is also liable under this claim based on a theory of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the Plaintiff demands judgment against Defendants as follows:

i) On the first claim, actual and punitive damages in an amount to be determined at trial;

ii) On the second claim, actual and punitive damages in an amount to be determined at trial;

iii) On the third claim, actual and punitive damages in an amount to be determined at trial;

iv) On the fourth claim, actual and punitive damages in an amount to be determined at trial;

v) On the fifth claim, actual and punitive damages in an amount to be determined at trial;

vi) On the sixth claim, actual and punitive damages in an amount to be determined at trial;

vii) On the seventh claim, actual and punitive damages in an amount to be determined at trial;

viii) On the eighth claim, actual and punitive damages in an amount to be determined at trial;

ix) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. §1988, and costs of this action; and

x) Such other relief as the Court deems just and proper.

Dated: New York, New York
September 14, 2017

Goldberg & Allen, LLP
Attorneys for Plaintiff

By: _____
Gerald Allen [GA-0950]
49 West 37th Street, 7th Floor
New York, New York 10018
(212) 766-3366